UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM D. SMITH, | ) |
| Plaintiff, | ) No. CV-11-5093-CI |
| v. | ) REPORT AND RECOMMENDATION |
| | ) FOR ORDER DENYING |
| DALE FETROE, *et al.*, | ) PLAINTIFF'S MOTION FOR |
| | ) PRELIMINARY INJUNCTIVE |
| Defendants. | ) RELIEF, WITH LEAVE TO RENEW |
| | ) |

**BEFORE THE COURT** on Report and Recommendation is Plaintiff's request for an order requiring Washington State Department of Corrections (DOC) "to maintain the plaintiff's medical tennis shoe status until date of trial with replacement medical tennis shoes," which the court construes as a motion for preliminary injunction pending trial. (ECF No. 21.) Plaintiff is proceeding *pro se*; Assistant Attorney General for the State of Washington Brian J. Considine represents Defendants. The parties have not consented to proceed before a magistrate judge.

**A.   Background**

Plaintiff, a prisoner at Coyote Ridge Correction Center, a DOC facility, filed a complaint in this court pursuant to 42 U.S.C. § 1983, claiming Eighth Amendment violations due to the prison's deliberate indifference to his serious health care needs. (ECF No. 1.) Specifically he alleges he has suffered for years from arthritis in his feet and varicose veins in his legs, a condition that since 2004 was successfully treated with prescribed tennis

1  shoes. (ECF No. 22 at 1.)  He claims his current medical tennis
2  shoes are worn out, and Defendants are unlawfully denying him
3  replacements to provide proper medical care for his feet and legs.
4      On December 13, 2011, the court entered a Scheduling Order and
5  Order advising Plaintiff of summary judgment requirements. ECF No.
6  20.)  The deadline for discovery is May 18, 2012, and the deadline
7  for dispositive motions is June 1, 2012. (*Id*. at 3, 4.)  Because
8  the parties have not consented to trial before a magistrate judge,
9  no trial date has been set. (*Id*. at 1.)
10     On January 9, 2012, Plaintiff filed a Motion to submit his
11 current footwear as an exhibit in these proceedings. (ECF No. 21,
12 22.)  In an Order filed April 9, 2012, the court denied Plaintiff's
13 Motion with leave to renew if and when a trial date is set (ECF No.
14 35.)

**B.   Motion for Preliminary Injunction**

16     Plaintiff also asks the court to order Coyote Ridge Correction
17 Center to provide him with a replacement pair of medical tennis
18 shoes while his current footwear is filed with the court. (ECF No.
19 21 at 1.)  However, he provides no justification for this request
20 other than he would be left shoeless and unable to work or
21 participate in prison functions when his current footwear is
22 submitted as evidence. (*Id*. at 1-2.)  Because the court has denied
23 his request to submit his current footwear, Plaintiff's contention
24 that his need for replacement medical footwear justifies this
25 "extraordinary and drastic remedy" is unfounded. *See Winter v.*
26 *Natural Resources Defense Council*, 555 U.S. 7, 22, 24 (2008)
27 (extraordinary remedy of preliminary injunction is never awarded as
28 of right); *see also Rizzo v. Goode*, 423 U.S. 362, 378

REPORT AND RECOMMENDATION FOR ORDER DENYING PLAINTIFF'S REQUEST
FOR PRELIMINARY INJUNCTIVE RELIEF, WITH LEAVE TO RENEW - 2

(1976)(injunction against government agency to be used sparingly). Further, Plaintiff has failed to make a showing that he is likely to succeed on the merits in his claim that his allegations rise to the level of an Eighth Amendment violation. *Winter, supra* at 20; *see also Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (inadequate or negligent medical treatment does not become a constitutional violation merely because the patient is a prisoner). Accordingly, **IT IS RECOMMENDED** Plaintiff's request for preliminary injunction be **DENIED**, with leave to renew.

**C.   New Claim**

In his memorandum in support of this Motion, Plaintiff appears to allege Coyote Ridge Corrections Center violated American with Disabilities Act (ADA) provisions. (ECF No. 21 at 1-2, ECF No. 22 at 5.) An ADA claim is not part of the original Complaint and Plaintiff has not obtained leave to amend his Complaint in accordance with FED. R. CIV. P. 15. Therefore, **IT IS RECOMMENDED** Plaintiff be advised allegations of an ADA claim will not considered in these proceedings.

**OBJECTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report within **fourteen (14)** days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within **fourteen (14)** days after receipt of the objection. Attention is directed to FED. R. CIV. P. 6(d), which adds additional time after certain kinds of service.

REPORT AND RECOMMENDATION FOR ORDER DENYING PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF, WITH LEAVE TO RENEW - 3

A district judge will make a de novo determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), FED. R. CIV. P. 72(b)(3); LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to file this Report and Recommendation and provide copies to Plaintiff, counsel for Defendants and United States District Judge Lonny R. Suko.

DATED April 11, 2012.


            S/ CYNTHIA IMBROGNO
        UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION FOR ORDER DENYING PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF, WITH LEAVE TO RENEW - 4