UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM D. SMITH,<br><br>      Plaintiff,<br><br>  v.<br><br>DALE FETROE, ELIZABETH SUITER, MARTY LYONS, and MARY JO CURREY,<br><br>      Defendants. | NO. CV-11-5093-CI<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Magistrate Judge Cynthia Imbrogno filed a Report and Recommendation on June 21, 2013, recommending that Defendants' Motion to Dismiss which the court, by Order entered on July 31, 2012, construed as a Motion for Summary Judgment, (ECF No. 38, 58) be granted and all claims against Defendants be dismissed with prejudice. (ECF No. 89). On July 10, 2013, Plaintiff filed untimely[1] objections to the Report and Recommendation and a motion for leave to amend complaint.[2] (ECF No. 90). Defendants filed a response to Plaintiff's objections and motion to amend complaint.

**I.   MOTION FOR LEAVE TO AMEND COMPLAINT**

Attached to Mr. Smith's objections to the Magistrate Judge's report and recommendation is his request for leave to amend his

---

[1]Plaintiff's objections were due on July 5, 2013.

[2]Plaintiff filed a motion to amend complaint as an exhibit, asserting a new claim under the Americans with Disabilities Act (ADA). ECF No. 90, at 60-62.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

complaint, wherein he asserts that he would like to add an ADA claim. Defendants argue that Mr. Smith's request is untimely, prejudicial, and futile. The court finds Mr. Smith's request is untimely and prejudicial because he has waited until after a report and recommendation advising dismissal has been issued for his complaint. Moreover, Mr. Smith was informed by the court in April 2012 that his complaint did not contain an ADA claim (ECF No. 36), but the information submitted by Mr. Smith shows he did not file a grievance alleging an ADA violation until October 2012, with a final decision denying his claim in February 2013. ECF No 90, at 52-55. Mr. Smith does not give any explanation for his nearly six month delay in filing a grievance or his need to wait over a year to request leave to amend his complaint. Finally, and most importantly, Mr. Smith has not alleged facts to show that he is allegedly a qualified individual with a disability. Assuming *arguendo* that Mr. Smith was a qualified individual with a disability, the record does not support the conclusion that he is being denied medical services at CRCC. In fact, the evidence clearly establishes that he is being provided medical services but he is not satisfied with Defendants Fetroe and Suiter's medical decisions.

New evidence submitted by Mr. Smith indicates he is receiving medical care. The Level III grievance submitted by Mr. Smith contains a detailed explanation of Mr. Smith's medical care regarding medical tennis shoes. See ECF No. 90, at 53-54. In its response to the grievance, the Department of Corrections informed Mr. Smith why his medical tennis shoes were discontinued and informed him that he would need a thorough examination of his feet

and an updated X-ray before his request could be sent to the Care Review Committee. ECF No. 90, at 54. The Department then offered him an X-ray that Mr. Smith promptly refused. ECF No. 90, at 54. This information clearly shows Mr. Smith has access to medical care at CRCC and his proposed ADA claim is frivolous. Therefore, Mr. Smith's request for leave to amend his complaint to add an ADA claim is futile and is hereby denied.

## II. OBJECTIONS TO THE R&R

Mr. Smith asserts that the Magistrate Judge erred by failing to consider all the evidence at summary judgment in a light most favorable to him, including all reasonable inferences that could be drawn from those facts. ECF No. 90, at 47. Specifically, Mr. Smith contests the report and recommendation's reliance on the Defendants' evidence submitted with their motion for dismissal and supplemental motion for summary judgment. ECF No. 90, at 3-22, 32-47. Mr. Smith submits on numerous occasions that the evidence submitted by the Defendants was misleading and unsupported by the evidence he submitted on his behalf. ECF No. 90, at 2-47. Mr. Smith, however, fails to cite anywhere in the record that calls into doubt the material facts relied upon by the Magistrate Judge. See ECF No. 90, at 2-47.

Plaintiff makes no factual or legal argument in his objection to the Magistrate Judge's Report and Recommendation and instead relies on his own self-serving declaration with accompanying exhibits. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (self-serving testimony uncorroborated by other evidence does not create a genuine issue of material fact). Mr. Smith's conclusory claims that the Magistrate Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

did not consider any of the evidence he presented in opposition to summary judgment is unsubstantiated. The Report and Recommendation references evidence Mr. Smith submitted and weighs all the evidence against the Eighth Amendment legal standards pertaining to deliberate indifference. See ECF No. 89, at 5-15.

The Magistrate Judge properly developed her material facts based on the evidence submitted by the parties. ECF No. 89, at 5-9. The Magistrate Judge then correctly viewed the uncontroverted facts in a light most favorable to Mr. Smith. ECF No. 89, at 8-14. The Magistrate Judge correctly relied on undisputed facts in determining Defendants Lyons and Currey did not personally participate in his alleged violations and that he received adequate medical care from Defendants Fetroe and Suiter. ECF No 89, at 8-9, 11-14.  Mr. Smith must set forth specific facts showing a causal connection between each Defendant's actions and the harm allegedly suffered by Plaintiff.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092, (9th Cir. 1980).  Plaintiff's objections are without merit.

The Court finds the Magistrate Judge's thorough analysis with respect to the requirements needed for it to find deliberate indifference under the Eighth Amendment are correct. ECF No. 89, at 9-15.  The undersigned agrees with Judge Imbrogno that the evidence of record  clearly shows that Mr. Smith cannot establish the objective or subjective components of deliberate indifference. ECF No. 89, at 10-15. The undisputed objective medical evidence shows Defendants Fetroe and Suiter evaluated Mr. Smith for medical tennis shoes and determined he did not meet the criteria under the Offender Health Plan. See ECF No. 27, at 12-63; ECF No. 72, at

22-40; ECF No. 87-2; ECF No. 87-3; ECF No. 89, at 11-12. Although Mr. Smith disagrees with Defendants Fetroe and Suiter's medical decision, he fails to offer any credible objective medical evidence indicating their position was incorrect.

Having reviewed the June 21, 2013 Report and Recommendation (ECF No. 89) and Plaintiff's objections thereto (ECF No. 90), the June 21, 2013 Report and Recommendation (**ECF No. 89**) is **ADOPTED in its entirety**.

Based on the forgoing, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment, (**ECF No. 38**) is **GRANTED** and all claims against Defendants are **DISMISSED, with prejudice**.

2. Plaintiff's motion to amend complaint (**ECF No. 90**) is **DENIED** for the reasons discussed above.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order, forward copies to Plaintiff and counsel for Defendants, and **CLOSE the file**.

**DATED** this 23rd day of July, 2013.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND RECOMMENDATION - 5